IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| DAWAYNE WHITAKER,<br><br>Plaintiff,<br><br>vs.<br><br>BLACKSTONE CONSULTING, INC.,<br><br>Defendant. | CIVIL NO. 14-00459 DKW-KSC<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

**ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

Plaintiff Dawayne Whitaker claims exposure to chemicals while working as a dishwasher for Defendant Blackstone Consulting, Inc. According to Whitaker, the chemical exposure resulted in a disability that Blackstone failed to accommodate. Before the Court is Blackstone's Motion for Summary Judgment ("Motion"). Dkt. No. 29. Whitaker neither opposed the Motion nor responded to Blackstone's earlier request for admissions ("RFA"). As such, all matters in the RFA, as reflected in Blackstone's concise statement of facts, are deemed admitted. *See* L.R. 56.1(g); Fed. R. Civ. P. 36(a). Based on these uncontroverted admissions, the Court GRANTS Blackstone's Motion without a hearing, pursuant to Local Rule 7.2(d).

# BACKGROUND

## I. Factual History

In October 2013, Whitaker began working as a dishwasher for Blackstone. Complaint ¶ 6. With a doctor's note in hand, he requested a leave of absence from February 26, 2014 until March 12, 2014. Dkt. No. 30, ¶ 2; Dkt. No. 30-2, Def. Exh. A, RFA ¶ 4. In March 2014, again supported by a doctor's note, Whitaker requested an extension of his leave of absence until March 28, 2014. Dkt. No. 30, ¶ 2; RFA ¶ 5. Blackstone granted both of these requests. Dkt. No. 30, ¶ 2; RFA ¶¶ 6-7.

In April 2014, Blackstone sent a letter to Whitaker offering to return him to work following his leave of absence. Dkt. No. 30, ¶ 4; RFA ¶¶ 12-13. Whitaker, however, never responded to this letter, nor has he ever attempted to return to work at Blackstone. RFA ¶¶ 8-9; 14-17.

## II. Procedural History

Whitaker summarizes his October 10, 2014 Complaint (Dkt. No. 1) as follows:

> Plaintiff was hired by Defendant on October 24, 2013, as a dishwasher. Around November 2013, Plaintiff developed a disability due to chemicals he was using at work. Plaintiff was not properly accommodated for his disability and when Plaintiff started to complain, Plaintiff overheard the supervisors talking about "getting rid of Plaintiff." The company also tried to force Plaintiff out of his position and transfer Plaintiff to another

>location. On March 21, 2014, Plaintiff's doctor placed Plaintiff on medical leave until January 2, 2015.

Complaint ¶ 3. He asserts the following claims: (1) disability discrimination under the Americans With Disabilities Act ("ADA") ("Count I"); (2) intentional infliction of emotional distress ("IIED") ("Count II"); and (3) violation of the Hawaii Whistleblower's Protection Act ("HWPA") ("Count V").[1] Dkt. No. 1.

On July 21, 2015, by stipulation of the parties, Whitaker dismissed his IIED claim with prejudice. Dkt. No. 21.

On September 28, 2015, Blackstone served Whitaker with a request for admissions. Dkt. No. 30-2, Def. Exh. A. Whitaker's responses to the RFA were due by November 2, 2015. *Id.*

On October 28, 2015, Whitaker's then-counsel requested a 30-day extension of time to respond to the RFA. *See* Declaration of Christopher Yeh ("Yeh Decl.") ¶ 4; Dkt. No. 30-4, Def. Exh. C. The parties' respective counsel agreed to November 27, 2015 as the firm extended deadline. *Id.* Blackstone's counsel memorialized the extension in an e-mail, which further stated: "Particularly in light of Plaintiff's ongoing delays in responding to other discovery (see below), Defendant is not able to agree to any further extension on [the RFA]." Dkt. No. 30-4, Def. Exh. C. Whitaker failed to serve any response to the RFA by November 27, 2015, or at any point thereafter. Yeh Decl. ¶ 6.

---

[1] Although only three claims were asserted, they were numbered I, II, and V.

On December 7, 2015, Blackstone filed a Motion for Summary Judgment. Dkt. No. 28.[2] The following day, on December 8, Whitaker's counsel filed a Motion to Withdraw as Attorney, which the Magistrate Judge granted on December 17 following a hearing. Dkt. No. 39.

Whitaker, at this point proceeding *pro se*, did not oppose Blackstone's Motion for Summary Judgment, nor has he contacted the Court seeking additional time or any other relief.

## **STANDARD OF REVIEW**

A party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' when, under the governing substantive law, it could affect the outcome of the case. A 'genuine issue' of material fact arises if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Thrifty Oil Co. v. Bank of Am. Nat'l Trust & Sav. Ass'n*, 322 F.3d 1039, 1046 (9th Cir. 2003) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

---

[2]Blackstone simultaneously filed a Motion to Compel Discovery and For Sanctions ("Discovery Motion") on December 7, 2015. Dkt. No. 31. In the Discovery Motion, Blackstone sought an order: (1) compelling Whitaker to fully respond to Blackstone's interrogatories; (2) compelling Whitaker to provide all documents responsive to its document requests; and (3) awarding sanctions against Whitaker for his refusal to comply with his discovery obligations for nearly six months. Dkt. No. 31 at 2. Whitaker did not oppose the Discovery Motion, nor did he appear at the January 15, 2016 hearing on the Discovery Motion, which the Magistrate Judge subsequently granted. Dkt. No. 40.

When evaluating a motion for summary judgment, the court must construe all evidence and reasonable inferences drawn therefrom in the light most favorable to the nonmoving party. *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630–31 (9th Cir. 1987). Thus, the moving party has the burden of persuading the court as to the absence of a genuine issue of material fact. *Celotex Corp v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party satisfies its burden, the nonmoving party must set forth "'significant probative evidence'" in support of its position. *T.W. Elec. Serv.*, 809 F.2d at 630 (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 290 (1968)). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion," and can do so by either "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

Whitaker did not file an opposition to Blackstone's Motion for Summary judgment or file a separate concise statement of facts.

> When a motion for summary judgment is unopposed, the motion should be granted only when the movant's papers are themselves sufficient to support the motion and they do not reveal a genuine issue of material fact. *In re Rogstad*, 126 F.3d 1224, 1227 (9th Cir. 1997) (noting that it is in error to grant a motion for summary judgment simply because the opponent failed to oppose the motion); *Cristobal v. Siegel*, 26 F.3d 1488, 1494-95 & n.4 (9th Cir. 1994) (noting that an unopposed

> motion may be granted only after the court determines that there are no material issues of fact).
>
> Additionally, in a motion for summary judgment, "material facts set forth in the moving party's concise statement will be deemed admitted unless controverted by a separate concise statement of the opposing party." L.R. 56.1(g) (effective Dec. 1, 2009). Thus, while this court is not permitted to grant an unopposed motion for summary judgment as a matter of right, *Siegel*, 26 F.3d at 1494-95, it must deem all facts proffered in [the defendant's] concise statement as admitted by [the plaintiff]. Therefore, the court must determine whether the facts, as asserted in [the defendant's] concise statement, warrant a grant of summary judgment.

*Aga v. Winter*, Civ. No. 08-00509 SOM/LEK, 2009 WL 4406086, at *2-3 (D. Haw. Dec. 1, 2009) (some alterations in original).

In the present matter, the facts set forth in Blackstone's separate and concise statement of facts in support of its motion is unopposed (Dkt. No. 30), and the facts contained therein are therefore deemed admitted. L.R. 56.1(g).

## DISCUSSION

### I. Whitaker's Failure to Timely Respond to Blackstone's Request for Admissions

As an initial matter, the Court addresses Whitaker's failure to timely respond to Blackstone's RFA. Blackstone contends that all admissions are deemed admitted due to Whitaker's failure to timely respond. Dkt. No. 29-1 at 6-7. The Court agrees.

6

As provided by the Federal Rules of Civil Procedure, "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). Once admitted, a matter is "conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b).

Here, Whitaker has completely failed to respond to Blackstone's RFA, despite being granted an extension. Blackstone's RFA was properly served on Whitaker on September 28, 2015. *See* Yeh Decl. ¶ 2; Dkt. No. 30-2, Def. Exh. A. By agreement of the parties, and as memorialized in Blackstone's October 30, 2015 e-mail, Whitaker's deadline to respond was extended to November 27, 2015. Dkt. No. 30-4, Def. Exh. C. Whitaker failed to meet the November 27, 2015 deadline to respond to the RFA. To date, there is nothing in the record to indicate that any RFA response has ever been provided. Nor has Whitaker sought additional response time, or moved to prevent Blackstone's requests from being deemed admitted. *Cf. Colon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007) (citing *Carney v. IRS (In re Carney)*, 258 F.3d 415, 419 (5th Cir. 2001) ("[A] deemed admission can only be withdrawn or amended by motion in accordance with Rule 36(b).")). As such, the matters set forth in Blackstone's RFA are deemed admitted.

In this circuit, it has long been the case that summary judgment may be properly based on matters deemed admitted due to a party's failure to respond to a request for admissions. *See, e.g.*, *O'Campo v. Hardisty*, 262 F.2d 621, 623-24 (9th Cir. 1958) (affirming summary judgment based on unanswered requests for admissions). As set forth below, that is the case here with respect to Whitaker's two remaining claims.

## II.   Whitaker's ADA Claim

"The ADA prohibits an employer from discriminating 'against a qualified individual with a disability because of the disability.'" *Nunes v. Wal-Mart Stores, Inc.*, 164 F.3d 1243, 1246 (9th Cir. 1999) (quoting 42 U.S.C. § 12112(a)). To establish a *prima facie* case of disability discrimination under the ADA, a plaintiff must show that: (1) he is disabled within the meaning of the ADA; (2) he is a qualified individual, meaning he can perform the essential functions of the job with reasonable accommodation; and (3) he suffered an adverse employment action because of his disability. *See id.*; *see also* 42 U.S.C. §§ 12111(8), 12112(a).

Here, Whitaker fails to establish these necessary elements. First, Whitaker is not disabled within the meaning of the ADA. To establish that he is "disabled" under the ADA, Whitaker must prove that he had "a physical or mental impairment that substantially limit[ed] one or more major life activities." 42 U.S.C. § 12102(1)(A). Whitaker fails to meet this burden. Whitaker admitted that since

beginning his employment with Blackstone in October 2013, he has not had any impairment that substantially limits a major life activity. Dkt. No. 30, ¶ 1; RFA ¶ 3. Accordingly, Whitaker does not satisfy the definition of "disabled" under the ADA.

Second, there is no evidence that Whitaker suffered an adverse employment action. Whitaker admitted that Blackstone never fired him, never wrongfully transferred him, and never subjected him to any other type of adverse employment action. Dkt. No. 30, ¶¶ 6-8; RFA ¶¶ 18-22. In other words, Blackstone has not taken any adverse action against Whitaker due to any alleged disability. Dkt. No. 30, ¶ 10; RFA ¶ 22. Rather, the record reflects that Blackstone granted all of Whitaker's requested leaves of absence and never denied a request for an accommodation. Dkt. No. 30, ¶ 2; RFA ¶¶ 6-7.

The Court finds that Whitaker has failed to make a *prima facie* showing that Blackstone discriminated against him on the basis of a disability in violation of the ADA. Accordingly, summary judgment is proper as to Whitaker's ADA claim (Count I).

### III. Whitaker's HWPA Claim

Under the HWPA, it is unlawful for an employer to discriminate against an employee because the employee "reports or is about to report to the employer, or reports or is about to report to a public body, verbally or in writing, a violation or a

suspected violation of [a] law, rule, ordinance, or regulation, adopted pursuant to law of this State, a political subdivision of this State, or the United States." HRS § 378–62(1)(A). To establish a *prima facie* claim of retaliation under the HWPA, Whitaker must prove that (1) he engaged in a protected activity, (2) he was subjected to an adverse employment action, and (3) the adverse employment action resulted because of his participation in the protected activity. *See Cambon v. Starwood Vacation Ownership, Inc.*, 945 F. Supp. 2d 1133, 1142–43 (D. Haw. 2013); *Griffin v. JTSI, Inc.*, 654 F. Supp. 2d 1122, 1130–32 (D. Haw. 2008) (citing *Crosby v. State Dep't of Budget & Fin.*, 76 Hawai'i 332, 343, 876 P.2d 1300, 1310 (1994)).

In his Complaint, Whitaker alleges that after he reported an unsafe work environment to the United States Department of Labor, Occupational Safety and Health Administration, he overhead his supervisors talking about "getting rid of [him]." Complaint ¶ 10. Aside from these vague allegations, the record contains no evidence that Blackstone took any adverse action against Whitaker for any reason, much less due to any alleged whistleblowing. Dkt. No. 30, ¶¶ 6-10; RFA ¶¶ 18-22. As previously discussed, Whitaker admitted that Blackstone never terminated him, never wrongfully transferred him, and never took any other adverse employment action against him. *Id*. Indeed, Whitaker specifically

admitted that Blackstone has not taken any action against him due to any alleged whistleblowing. Dkt. No. 30, ¶ 9; RFA ¶ 21.

The Court finds that Whitaker has failed to establish a *prima facie* case of retaliation in violation of the HWPA. Accordingly, summary judgment is proper as to Whitaker's HWPA claim (Count V).

## **CONCLUSION**

For the reasons set forth above, the Court GRANTS Blackstone's Motion for Summary Judgment (Dkt. No. 29). The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

DATED: January 28, 2016 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

Whitaker v. Blackstone Consulting, Inc.; CV 14-00459 DKW-KSC; ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT